United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                   SAN JOSE DIVISION

11    LARRY R. GUIDI and SHARON GUIDI,        )
                                              )
12                  Plaintiffs,               )
                                              )      Case No.: 13-CV-01919-LHK
13           v.                               )
                                              )
14    PAUL FINANCIAL, LLC, a Delaware Limited )      ORDER GRANTING ROUNDPOINT'S
      Liability Company; RBS FINANCIAL        )      MOTIONS TO DISMISS PLAINTIFFS'
15    PRODUCTS INC., a Delaware Corporation;  )      FIRST AMENDED COMPLAINT
      RANDOM PROPERTIES ACQUISITION           )      WITHOUT PREJUDICE
16    CORP. III, a Delaware Corporation;      )
      ROUNDPOINT MORTGAGE SERVICING           )
17    CORPORATION, a Florida Corporation;     )
      QUALITY LOAN SERVICE                    )
18    CORPORATION, a California Corporation; and )
      all persons or entities unknown claiming any )
19    legal or equitable right, title, estate, lien or )
      interest in the property described in this )
20    complaint adverse to Plaintiffs' title thereto, and )
      DOES 1 through 25, inclusive,          )
21                                            )
                                              )
22                                            )
                                              )
23                  Defendants.               )
      _____ )

24          Larry Guidi and Sharon Guidi ("Plaintiffs") bring this action based on alleged misconduct

25    related to Plaintiffs' adjustable rate mortgage loan.  Defendants RBS Financial Products Inc.

26    ("RBSFP") and Random Properties Acquisition Corp. III ("RPAC") (collectively, "RBS") jointly

27    move to dismiss Plaintiffs' First Amended Complaint, *see* ECF No. 25 ("FAC"), pursuant to

28

                                              1

1    Federal Rule of Civil Procedure 12(b)(6).  ECF No. 26 ("RBS Mot. to Dismiss").  Defendant

2    Roundpoint Mortgage Servicing Corporation ("Roundpoint") also moves to dismiss Plaintiffs'

3    FAC under Rule 12(b)(6).  ECF No. 27 ("Roundpoint Mot. to Dismiss").  Having considered the

4    parties' arguments, the relevant law, and the record in this case, the Court hereby GRANTS RBS

5    and Roundpoint's Defendants' Motions to Dismiss without prejudice.

6    **I.      BACKGROUND**

7         **A.      Factual Allegations[1]**

8              Plaintiffs are the owners of the real property located at 1009 Heatherstone Avenue,

9    Sunnyvale, California, 94087 ("Subject Property").  FAC ¶ 3.  On June 1, 2007, Plaintiff Sharon

10   Guidi obtained an Adjustable Rate Mortgage Loan (the "Loan") from Paul Financial LLC ("Paul

11   Financial") in the amount of $618,000 secured by a Deed of Trust for the refinancing of the Subject

12   Property.  FAC ¶ 23; Roundpoint RJN, Ex. C.  The Deed of Trust was recorded on June 13, 2007,

13   in Santa Clara County, as instrument No. 2007-19468107.  *Id.*  On November 16, 2010, the prior

14   servicer of the Loan notified Plaintiff Sharon Guidi that Roundpoint had taken over as servicer on

15   the Loan.  FAC ¶ 7.

16              In or about the beginning of 2012, Plaintiffs defaulted on their loan as they could no longer

17   afford the increasing payments.  FAC ¶ 21.  Plaintiffs, however, did not immediately request a

18   modification of the loan.  *Id.*  On May 10, 2012, all beneficial interest in the Loan transferred to

19   RBSFP.  FAC ¶ 5; Roundpoint RJN, Ex. D.  On May 31, 2012, Quality Loan Service Corporation

20   ("Quality")—RBSFP's alleged trustee—recorded a Notice of Default ("NOD") on the Subject

21   ─────────────────────
     [1] These factual allegations are taken from Plaintiffs' First Amended Complaint, ECF No. 25, and
22   judicially noticeable documents.  Roundpoint and RBS filed Requests for Judicial Notice in
     conjunction with their motions to dismiss.  *See* ECF No. 26-1 (RBS' Request for Judicial Notice);
23   ECF No. 28 (Roundpoint's Request for Judicial Notice).  Defendants ask the Court to take judicial
     notice of a variety of public documents relating to Plaintiffs' loan.  None of these requests is
24   opposed.  A court may judicially notice a fact if it is either "generally known within the trial
     court's jurisdiction" or "accurately and readily determined from sources whose accuracy cannot
25   reasonably be questioned."  Fed. R. Evid. 201(b).  The documents for which RBS and Roundpoint
     request judicial notice are all "matters of public record."  *Lee v. City of Los Angeles,* 250 F.3d 668,
26   689 (9th Cir. 2001); *Distor v. U.S. Bank NA,* No. C 09–02086 SI, 2009 WL 3429700, *2 (N.D.Cal.
     Oct. 22, 2009) (holding that a deed of trust, notice of default, and notice of trustee's sale were
27   matters of public record and thus proper subjects of judicial notice).  Accordingly, the Court finds
     that they are not subject to reasonable dispute and are proper subjects of judicial notice.
28   Accordingly, the Court GRANTS RBS and Roundpoint's Requests for Judicial Notice.

Case No.: 13-CV-01919-LHK
ORDER GRANTING ROUNDPOINT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
WITHOUT PREJUDICE

**United States District Court**
For the Northern District of California

1    Property.  FAC ¶ 22; Roundpoint RJN, Ex. F.  The NOD indicated that, as of May 29, 2012, the

2    past due amounts owed on the Loan were $34,944.96.  Roundpoint RJN, Ex. F.  On September 6,

3    2012, Quality recorded its Notice of Trustee's Sale, setting forth $907,748.8 as the then unpaid

4    "balance and other charges" due on the Loan.  FAC ¶ 22; Roundpoint RJN, Ex. G.  On September

5    27, 2012, all beneficial interest in the Loan transferred to RPAC.  FAC ¶ 6.

6        In January 2013, Plaintiffs contacted their lender twice to request a loan modification, but

7    were denied each time.  FAC ¶ 21.  On January 28, 2013, Plaintiffs sent a qualified written request

8    ("QWR") to Roundpoint.  FAC ¶ 99.  Under RESPA, *see* 12 U.S.C. § 2605(e)(1)(A), a borrower

9    may send their loan servicer a QWR for information relating to the servicing of their loan.  The

10   QWR stated that Plaintiffs believed there were violations of RESPA in the processing of certain

11   fees associated with Plaintiffs' loan and loan documentation, i.e., with the servicing of their loan,

12   and requested a specific breakdown of the fees and an explanation as to why such charges were

13   incurred.  FAC ¶ 99.

14       Plaintiffs allege that Roundpoint failed to properly respond to Plaintiffs' QWR because

15   Roundpoint did not, within 20 days after receipt of the QWR, provide a written response

16   acknowledging receipt of the QWR, in violation of 12 U.S.C. § 2605(e)(1), and also did not

17   provide Plaintiffs with any written explanation that includes the information requested by Plaintiffs

18   or an explanation of why the information requested was unavailable within 60 days of receipt of

19   the QWR, in violation of 12 U.S.C. § 2605(e)(2)(C).  FAC ¶¶ 100-102.  Plaintiffs further allege

20   that "during the 60-day period beginning on the date of [Roundpoint's] receipt from Plaintiffs of

21   the QWR [in which servicers are prohibited from providing information on overdue payments to

22   credit reporting agencies]," Defendants "made improper credit reporting" by reporting to consumer

23   reporting agencies overdue payments owed by Plaintiffs, in violation of 12 U.S.C. § 2605(e)(3).

24   *See* FAC ¶¶ 103, 107-108.  Plaintiffs allege that "Plaintiffs have been damaged in the amount of

25   ongoing penalties, fees, and interest charged by Defendants," *see* FAC ¶ 106, and have suffered

26   "significant injury to their credit score and [have been] prevented [] from obtaining additional

27   credit during this time period . . ."  FAC ¶ 107.  Plaintiffs seek actual, statutory, and punitive

28   damages.  FAC ¶¶ 109-110.

3

**B.      Procedural History**

On March 14, 2013, Plaintiffs filed a complaint in the Superior Court of Santa Clara County asserting eleven causes of action against Paul Financial, RBS, Roundpoint, Quality Loan, and Does 1 through 25.  *See* ECF No. 1 at 7-39 ("Compl.").  Of the eleven causes of action, only one is a federal claim: the sixth cause of action for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*.  *See* Compl. at 1.  Roundpoint removed the entire action to federal court on April 26, 2013 on the basis of federal question jurisdiction.  *See* Notice of Removal, ECF No. 1 at 1-5 ("Not. of Removal") at 2-3.[2]

On May 29, 2013, Plaintiffs filed their First Amended Complaint, alleging the same eleven causes of action they had pled in state court, including ten state law claims and one federal claim (RESPA).  *See* FAC.  On June 13, 2013, RBS filed a motion to dismiss the FAC.  RBS Mot. to Dismiss.  Because Plaintiffs assert only seven of the ten state law claims against RBS, RBS only moves to dismiss these seven state law claims.  *See id*. at i. That same day, Roundpoint filed a separate motion to dismiss the FAC.  Roundpoint Mot. to Dismiss.  Roundpoint moves to dismiss Plaintiffs' RESPA claim and various other state law claims Plaintiffs assert against Roundpoint.  *See id*.  On June 26, 2013, Plaintiffs filed their opposition to RBS's Motion to Dismiss.  ECF No. 31.  On June 27, 2013, Plaintiffs filed their opposition to Roundpoint's Motion to Dismiss.  ECF No. 32 (Opp'n).  Roundpoint and RBS filed their respective replies on July 3, 2013.  ECF Nos. 33 and 34.

---

[2] The state law causes of action in the FAC include: (1) violation of California Bus. & Prof. Code § 17200; (2) Unfair and Deceptive Business Practices in Loan Servicing; (3) Unfair and Deceptive Business Practices in Foreclosure Process; (4) Fraud in Loan Origination in violation of Cal. Civ. Code. § 1572; (5) Setting aside pending trustee sale date based on wrongful foreclosure proceedings in violation of Cal. Civ. Code. § 2923.5; (6) Breach of contract; (7) Breach of implied covenant of good faith and fair dealing; (8) reformation of fraudulent contract and restitution in violation of Cal. Civ. Code §§ 1670.5, 1667, 1689, 3412; (9) quiet title; (10) declaratory relief under Cal. Code. Civ. Proc. § 1060. *See* FAC at 1.

Case No.: 13-CV-01919-LHK
ORDER GRANTING ROUNDPOINT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT WITHOUT PREJUDICE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

## II.      LEGAL STANDARD

### A.      Motion to Dismiss Under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).  For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment,  *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor is the court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).  Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678. Furthermore, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on h[er] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (internal quotation marks and citation omitted).

5

United States District Court
For the Northern District of California

**B.    Leave to Amend**

If the Court determines that a complaint should be dismissed, the Court must then decide whether to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend generally should be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith.  *See Leadsinger, Inc. v. BMG Music Pub'g*, 512 F.3d 522, 532 (9th Cir. 2008).

**IV.    DISCUSSION**

Although Defendants identify numerous deficiencies in Plaintiffs' FAC in their respective Motions to Dismiss, the Court need address only one.  Plaintiffs' RESPA claim, which Roundpoint moves to dismiss, is the only federal claim in this lawsuit, and, for the reasons set forth below, the Court concludes that Plaintiffs fail to state a claim for violation of this statute.  Having reached this conclusion, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims.  Accordingly, the Court GRANTS Defendants' Motions to Dismiss the FAC.

**A.    RESPA Claim**

Plaintiffs allege that Roundpoint violated RESPA in two ways.  First, Plaintiffs allege Roundpoint failed to timely respond to Plaintiffs' QWR seeking information about the servicing of their loan, in violation of 12 U.S.C. § 2605(e)(1) and (e)(2)(C).  FAC ¶¶ 100-102.  Second, Plaintiffs allege that Roundpoint improperly made credit reports to credit reporting agencies by providing information on Plaintiffs' overdue payments during a 60-day time period in which servicers are not allowed to make such reports, in violation of 12 U.S.C. § 2605(e)(3).  FAC ¶¶ 103, 107-108.  In its Motion to Dismiss, Roundpoint argues that Plaintiffs' RESPA claim under 12 U.S.C. § 2605(e)(1) and (e)(2)(C) fails because Plaintiffs fail to adequately plead damages or causally connect the alleged damages to any failure to respond to the QWR, and argues that Plaintiffs' RESPA claim under 12 U.S.C. § 2605(e)(3) fails because the FAC fails to plead that Plaintiffs have suffered actual damages during the 60-day prohibitory reporting period, and that those damages are causally connected to Roundpoint's alleged reporting.  Roundpoint Mot. to Dismiss at 9-11.  The Court discusses each alleged violation of RESPA in turn, and concludes that Plaintiffs have failed to state a claim with respect to both alleged RESPA violations.

Case No.: 13-CV-01919-LHK
ORDER GRANTING ROUNDPOINT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
WITHOUT PREJUDICE

### 1.      Failure to Timely Respond to the QWR

The Court first addresses Plaintiffs' allegation that Roundpoint violated 12 U.S.C. § 2605(e)(1) and (e)(2)(C) by failing to timely respond to their QWR.  The Court concludes that the allegations in the FAC are insufficient as pled.

Under RESPA, servicers[3] of federally related mortgage loans are required to abide by certain disclosure obligations.  *See* 12 U.S.C. § 2605(e).  Among these obligations is the servicer's duty to acknowledge receipt of a QWR within a statutory period of 20 days after receiving a QWR.  *See* 12 U.S.C. § 2605(e)(1)(A).  Another obligation is that within 60 days after receipt of the QWR, the servicer must provide the borrower a written explanation that includes information requested or an explanation of why the information requested is unavailable.  *See* 12 U.S.C. § 2605(e)(2)(C).[4]

RESPA also states that a servicer is liable for "any actual damages to the borrower as a result of the failure [to comply with RESPA]."  12 U.S.C. § 2605(f)(1)(A).  Accordingly, courts have held that a plaintiff alleging a violation of § 2605 must allege: "(i) that the servicer failed to adhere to the rules governing a QWR; and (ii) that the plaintiff incurred 'actual damages' as a consequence of the servicer's failure."  *Givant v. Vitek Real Est. Industries Group, Inc.*, 2:11-CV-03158-MCE, 2012 WL 5838934, at *4 (E.D. Cal. 2012).  Courts have consistently held that a claim based on a loan servicer's RESPA violation must allege a specific causal relationship between the alleged damages and the RESPA violation, *see, e.g.*, *Schneider v. Bank of America N.A.,* No. 11–2953, 2013 WL 1281902, at *7 (E.D. Cal. 2013) (citing cases).

---

[3] RESPA defines a "servicer" as "the person responsible for servicing of a loan," and "servicing" refers to "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan."  12 U.S.C. § 2605(i)(2)-(3).

[4] On July 21, 2010, 12 U.S.C. § 2605(e)(1)(A) was amended, effective July 20, 2011, to decrease the response time for acknowledgement of receipt of a QWR from "20 days" to "5 days."  12 U.S.C. § 2605(e)(2) was also amended to decrease the response time for providing information or an explanation as to why information cannot be obtained from "60 days" to "30 days."  *See* Mortgage Reform and Anti-Predatory Lending Act, Pub. L. No. 111-203, 124 Stat. 1376, 1463 (2010).  Plaintiffs allege that they sent the QWR to defendant Roundpoint on January 28, 2013, and thus the new time limits govern this case, despite the fact that Plaintiffs allege the old 20– and 60– day deadlines in their FAC.  Because the duration of these time limits do not impact the Court's analysis on the Motion to Dismiss, the Court chooses to simply utilize the old 20– and 60–day deadlines in this Order, as Plaintiffs allege.

7

United States District Court
For the Northern District of California

1    Here, Roundpoint does not argue that Plaintiffs fail to allege that the servicer, Roundpoint,

2    failed to adhere to the rules governing a QWR.  Indeed, Plaintiffs specifically allege that they sent

3    a QWR to Roundpoint on January 28, 2013, but that Roundpoint did not, "within 20 days after

4    receipt," provide a written acknowledgment of receipt of the QWR as required under 12 U.S.C. §

5    2605(e)(1)(A).  FAC ¶¶ 99, 101.  Plaintiffs also allege that Roundpoint did not, "within 60 days

6    after receipt" of the QWR, "provide Plaintiffs with a written explanation or clarification that

7    includes information requested by Plaintiffs or an explanation of why the information requested is

8    unavailable or cannot be obtained[]," as required under 12 U.S.C. § 2605(e)(2)(C).  FAC ¶ 102.

9    Rather, Roundpoint argues that Plaintiffs' RESPA claim under 12 U.S.C. § 2605(e)(1)(A)

10   and (e)(2)(C) fails because Plaintiffs fail to adequately plead damages and causally connect the

11   alleged damages to Roundpoint's alleged failure to respond to the QWR.  Roundpoint Mot. to

12   Dismiss at 9-11.  The Court disagrees that the Plaintiffs fail to adequately plead damages, given

13   that Plaintiffs allege in their RESPA claim section of the FAC that they "continue to be charged

14   additional interest, penalties, and fees," and have been "damaged in the amount of ongoing

15   penalties, fees, and interest charged by Defendants, including but not limited to a charge of 6% of

16   any payment of principal and interest not received in full by the end of fifteen calendar days after

17   the date it was due."  FAC ¶¶ 105-106.  However, the Court agrees with Roundpoint that Plaintiffs'

18   RESPA claim fails due to Plaintiffs' failure to adequately plead a causal connection between

19   Roundpoint's failure to respond to the QWR and Plaintiffs' alleged damages, as explained below.

20   *See Urbano v. Bank of Am., N.A.,* 1:12-CV-00464 AWI, 2013 WL 359655, at *7 (E.D. Cal. 2013)

21   (holding that plaintiffs' failure to plead causation with any particularity was "fatal" to their RESPA

22   claim under 12 U.S.C. § 2605(e)(1) and (e)(2)).

23   Under *Iqbal*, a complaint "must contain sufficient factual matter, accepted as true, to 'state

24   a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (citation omitted).  Here,

25   while Plaintiffs allege that their damages were the "proximate result of Defendants' actions," FAC

26   ¶¶ 105-106, Plaintiffs fail to allege any facts that would render it plausible that these alleged

27   damages occurred as a result of Roundpoint's failure to respond to Plaintiffs' QWR.  *C.f. Urbano*,

28   2013 WL 359655, at *7 (finding failure to sufficiently plead causation in RESPA claim where

8

United States District Court
For the Northern District of California

1    Plaintiff made a "conclusory statement that '[a]s a proximate result of Defendants' actions,

2    Plaintiff has been damaged in the amount of ongoing penalties, fees, and interest charged by

3    Defendants . . .'").  Plaintiffs' conclusory statement as to causation is also belied by Plaintiffs'

4    other allegations.  It is clear, based on the FAC, that Plaintiffs sent their QWR to Roundpoint on

5    January 28, 2013 — approximately one year after they defaulted on the Loan and several months

6    after the Notice of Default and Notice of Sale had been recorded.  FAC ¶¶ 21, 22, 99.  Thus, by the

7    time Plaintiffs sent their QWR to Roundpoint, Plaintiffs likely had already sustained additional

8    penalties, fees, and interest, thus suggesting that Plaintiffs' alleged damages could not have been

9    caused by any alleged failure by Roundpoint to respond to the QWR in early 2013.  *See, e.g.*,

10   *Givant*, 2012 WL 5838934 at *4 (finding that defendants' failure to respond to the QWR could not

11   have caused loan-related damages because "Givant did not send her QWR until sixteen months

12   after defaulting on her loan and until four months after Defendants had recorded a Notice of

13   Trustee's Sale . . . Thus, by the time Givant sent her QWR, she had already sustained the interest,

14   penalties, and fees that the letter disputed"); *Tamburri v. SunTrust Mortgage Co.*, 875 F. Supp. 2d

15   1009, 1015 (N.D. Cal. 2012) (dismissing plaintiff's RESPA claim because plaintiff did not explain

16   how her harm "derive[d] from any failure to respond to the QWRs, rather than from her own

17   default"); *Brothers v. Bank of America, N.A.*, No. 12-cv-03121 EJD, 2012 U.S. Dist. LEXIS

18   138631, at *7-8 (N.D. Cal. Sept. 26, 2012) (dismissing a RESPA claim where the alleged damages

19   did "not flow from any lack of response to the QWR," but were likely "a result of Plaintiff's failure

20   to make loan payments").

21        Additionally, Plaintiffs' sole factual allegation, apart from their conclusory statement that

22   their damages were the "proximate result of Defendants' actions," is that "[d]ue to Roundpoint's

23   failure to provide a breakdown of such fees resulting in Plaintiffs' inability to properly dispute such

24   fees, Plaintiffs continue to be charged additional interest, penalties, and fees for which he [sic]

25   would not otherwise be charged."  FAC ¶ 105.  This statement is insufficient to render Plaintiffs'

26   damages claim plausible because Plaintiffs fail to specify with any particularity why their inability

27   to dispute additional interest and fees after their default was caused by Roundpoint's failure to

28   provide a breakdown of fees, as opposed to Plaintiffs' own failure to send Roundpoint a QWR

9

1   requesting this information until one year *after* they defaulted on the loan.  Accordingly, without

2   more specific factual allegations in the FAC, the Court concludes that Plaintiffs' allegations fail to

3   state a claim for relief under 12 U.S.C. § 2605(e)(1) and (e)(2) that is "plausible on its face."  *Iqbal*,

4   556 U.S. at 678.

**2.      Credit Reporting During the 60-Day Prohibitory Period**

6        The Court now turns to Plaintiffs' second claim that Roundpoint violated 12 U.S.C. §

7   2605(e)(3), *see* FAC ¶¶ 107-108, and concludes that Plaintiffs' allegations on this alleged violation

8   also fail to state a claim.

9        Under RESPA, servicers must refrain from providing information regarding overdue loan

10  payments to consumer reporting agencies during a 60-day period after receiving a borrower's

11  QWR.  12 U.S.C. § 2605(e)(3).[5]  In its motion to dismiss, Roundpoint argues that Plaintiffs fail to

12  plead that they suffered actual damages during the 60-day prohibitory reporting period, or that

13  those damages are causally connected to Roundpoint's alleged reporting.  *See* Roundpoint Mot. to

14  Dismiss at 11.  As stated in Section IV.A.1 above, a plaintiff alleging a violation of § 2605 must

15  allege: "(i) that the servicer failed to adhere to the rules governing a QWR; and (ii) that the plaintiff

16  incurred 'actual damages' as a consequence of the servicer's failure."  *Givant*, 2012 WL 5838934

17  at *4.

18       In their FAC, Plaintiffs allege that Roundpoint made "improper credit reporting during the

19  60-day time period in violation of 12 U.S.C. § 2605(e)(3)."  FAC ¶ 108.  They also allege that

20  Roundpoint's failure to comply with the statute caused Plaintiffs "significant injury to their credit

21  score and prevented [Plaintiffs] from obtaining additional credit during this time period."  FAC ¶

22  107.  The Court finds these allegations insufficient to state a claim under § 2605(e)(3), for the

23  following reasons.

24

25

26  [5] Specifically, this provision states: "During the 60—day period beginning on the date of the
    servicer's receipt from any borrower of a qualified written request relating to any dispute regarding
27  the borrower's payments, a servicer may not provide information regarding any overdue payment,
    owed by such borrower and relating to such period or qualified written request, to any consumer
28  reporting agency . . ."

10

Case No.: 13-CV-01919-LHK
ORDER GRANTING ROUNDPOINT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
WITHOUT PREJUDICE

While the Court disagrees with Roundpoint that Plaintiffs fail to plead that they suffered actual damage, given the allegation regarding the specific injury to Plaintiffs' credit score, the Court agrees with Roundpoint that Plaintiffs fail to adequately allege any causal connection between Roundpoint's alleged reporting and Plaintiffs' alleged damage to their credit score. This is because Plaintiffs' allegations are entirely conclusory. *Urbano*, 2013 WL 359655, at *7 (holding Plaintiff's allegations regarding § 2605(e)(3) are "wholly conclusory" because they "fail to describe when and to whom Defendants allegedly provided the information."). While Plaintiffs allege that Roundpoint reported to credit agencies during the 60-day prohibitory period, they fail to identify in any meaningful, or even cursory, fashion when such reporting occurred, to which agencies the reporting was made, or whether information regarding any overdue payment was included in such a report. *See Long v. Bank of America, N.A.*, 2:12-cv-00542-GEB-CKD, 2013 U.S. Dist. LEXIS 46350, at *9-10 (E.D. Cal. 2013); *Urbano v. Bank of Am., N.A.*, 1:12-CV-00464 AWI, 2012 WL 2934154, at *11 (E.D. Cal. 2012) (finding that plaintiff failed to state a viable claim based on § 2605(e)(3) where he alleged "no facts with respect to this violation, such as when the reporting occurred, to which agencies the reporting was made, or whether information regarding an overdue payment was included in such a report."). Nor does the FAC specify any creditor who denied Plaintiffs credit in reliance upon any credit report issued by Roundpoint during the 60 day period. Without further factual allegations, the Court finds that Plaintiffs' allegations do not state a claim for relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678. This is especially true in light of how Plaintiffs' own allegations suggest that Plaintiffs' own default, and not Roundpoint's alleged credit reporting during the 60-day period, negatively impacted Plaintiffs' credit rating. The FAC alleges that Plaintiffs defaulted on their Loan in early 2012. FAC ¶ 21. This default would have been reported to credit rating agencies well before Plaintiffs sent their QWR to Roundpoint a year later, on January 28, 2013. FAC ¶ 99. Thus, the FAC suggests that Plaintiffs' 2012 default—and not Roundpoint's alleged reporting during the 60-day period— negatively impacted Plaintiffs' credit rating and ability to obtain credit.

The Court simply notes that Plaintiffs' opposition to Roundpoint's Motion to Dismiss does not respond in any meaningful way to these points except to argue that "Roundpoint does not

11

1   contend that it complied with the requirements of RESPA." Opp'n at 13. Plaintiff's argument is

2   misplaced. Roundpoint's motion to dismiss serves the function of attacking the sufficiency of the

3   FAC, and does not have to set forth any agreement with or denial of any allegations in the FAC.

4   Further, Plaintiffs' opposition basically reiterates the same allegations set forth in the FAC. *See id.*

5   Accordingly, the Court finds that Plaintiffs' failure to plead causation between damages and

6   Roundpoint's alleged RESPA violation is "fatal" to Plaintiff's claim that Roundpoint violated 12

7   U.S.C. § 2605(e)(3). *Urbano*, 2013 WL 359655, at *7.

8          Given these various deficiencies in Plaintiffs' RESPA claim, the claim is DISMISSED as to

9   all the defendants, i.e., Roundpoint, Quality, and Does 1 through 25, despite the fact that only

10  Roundpoint moves to dismiss the claim. *See* FAC at 22; *see Silverton v. Dep't of the Treasury,* 644

11  F.2d 1341, 1345 (9th Cir. 1981) (holding a court "may properly on its own motion dismiss an

12  action as to defendants who have not moved to dismiss where such defendants are in a position

13  similar to that of moving defendants or where claims against such defendants are integrally

14  related."); *see also Abaghinin v. Amvac Chem. Corp.*, 545 F.3d 733, 742–743 (9th Cir. 2008).[6]

15  However, because Plaintiffs may be able to allege additional facts to cure the deficiencies

16  identified herein, and because none of the conditions in *Leadsinger* have been met in this case, the

17  Court grants Plaintiffs leave to amend their RESPA claim. Plaintiffs themselves have requested

18  that if the Court dismisses any claim, the Court should "allow them sufficient time to amend their

19  complaint to allege additional facts sufficient to adequately plead their claim." Opp'n at 20.

20

21

22  _____

23  [6] The Court further notes that although Quality has not moved to dismiss the claim, the Court has
    found there would be strong grounds to dismiss the claim as against Quality (and Does 1-25) for
    failure to state a claim under Rule 12(b)(6) for reasons other than the defects identified by

24  Roundpoint. Specifically, Section 2605(e) imposes duties only on loan servicers. *See, e.g.*, 12
    U.S.C. § 2605(e) ("Duty of loan servicer to respond to borrower inquiries"); § 2605(e)(2) (within a

25  certain number of days of receiving a QWR, "the servicer shall" undertake certain actions).
    Roundpoint is the only loan servicer identified in this case, *see* FAC ¶7 (identifying Roundpoint as

26  a loan servicer), and Quality is identified as an "agent" and "trustee" of RBSFP, which is alleged to
    be a "residential lender," FAC ¶¶ 5, 8, 22. The FAC fails to explain how or why the remaining

27  non-loan servicer defendants - Quality and Does 1 through 25 - can be held liable for violations of

28  12 U.S.C. § 2605(e).

Case No.: 13-CV-01919-LHK
ORDER GRANTING ROUNDPOINT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
WITHOUT PREJUDICE

United States District Court
For the Northern District of California

### B.      Remaining State Law Claims

Because the parties in this case are non-diverse, *see* FAC ¶¶ 3-8, the now-dismissed RESPA claim provides the sole basis for federal subject matter jurisdiction in this case.  While a federal court may exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3); *see also Albingia Versicherungs A.G. v. Schenker Int'l, Inc.*, 344 F.3d 931, 937–38 (9th Cir. 2003) (Section 1367(c) grants federal courts the discretion to dismiss state-law claims when all federal claims have been dismissed).  A court, in considering whether to retain supplemental jurisdiction, should consider factors such as "economy, convenience, fairness, and comity," *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (internal quotation marks omitted).  However, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state[-]law claims."  *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1553 n.4 (9th Cir. 1994) (emphasis omitted), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

Here, the balance of factors weighs in favor of dismissing Plaintiffs' remaining state law claims.  This case has yet to proceed beyond the pleadings, and thus few judicial resources are wasted by dismissing the case at this stage.  Further, dismissal promotes comity by allowing the California courts to interpret state law concerning the state law claims in the first instance.  Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining state law causes of action in Plaintiffs' FAC.  *See Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (stating that, after dismissal of all federal claims in an action, "it is generally preferable for a district court to remand the remaining pendent claims to state court.").  The Court thus GRANTS Roundpoint's Motion to Dismiss the remaining state law claims as against all defendants on those claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and GRANTS RBS's Motion to Dismiss the seven state law claims as against all

13

defendants on those claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

**IV.      CONCLUSION**

For the foregoing reasons, the Court GRANTS RBS and Roundpoint's Motions to Dismiss the FAC with leave to amend.  Should Plaintiffs elect to file a Second Amended Complaint addressing the deficiencies discussed herein, they shall do so within 21 days of the date of this Order.  Plaintiffs may not add new claims or parties without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.  Plaintiffs' failure to meet the 21-day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice.

**IT IS SO ORDERED.**

Dated: January 7, 2014

_____
LUCY H. KOH
United States District Judge

Case No.: 13-CV-01919-LHK
ORDER GRANTING ROUNDPOINT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
WITHOUT PREJUDICE